## Pope's Case.[1]

### Missouri Pac. Ry. Co. *v.* Texas Pac. Ry. Co.

*(Circuit Court, E. D. Louisiana. December 29, 1886.)*

RAILROADS—LIABILITY OF RECEIVERS—PERSONAL INJURIES.
　*Winbourn's Case, ante,* 167, followed.

In Chancery. In the matter of Mrs. C. C. Pope, praying compensation for injuries. On exceptions to master's report.

*Henry A. Fowlkes,* for Pope.

*W. W. Howe,* for Receivers.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

PARDEE, J. The petitioner was seriously injured while a passenger on the Rio Grande division of the Texas & Pacific Railway, by the derailment of the car in which she was traveling, on the twenty-fifth of January, 1886. The derailment was caused by the breaking of a rail about four feet from one end. The master has reported that the accident was the result of the known insecurity and bad condition of the track; that the receivers are liable; and that the petitioner ought to receive $2,000 as compensation. The receivers have excepted on the grounds that the evidence does not show the negligence of the receivers or their employes, and that the allowance is extravagant, because the evidence does not show that the injuries are permanent.

1. At the time of the accident the railway property had just come to the hands of the receivers. The Rio Grande division was known to them to be in bad condition as to rails and ties. In February following the accident they reported to the court that said division requires extensive repairs, especially on that part between Fort Worth and Baird, in replacement of rails, new ties, and widening cuts and embankments, not only as a "matter of safety in the transportation of freight and passengers, but also in development and increase of business." It was between Fort Worth and Baird that the petitioner was injured. The evidence taken before the master is to the effect that the rail broken was as good as the average rails, but there is no evidence to show that the broken rail was properly laid, or sufficiently supported by good ties. I have no doubt that this is a sufficient showing to warrant the presumption of negligence against the Texas & Pacific Railway Company, had that company been in possession of and operating its own property. The receivers operating the railway property should be held to the same responsibility, (see High, Rec. § 395,) although, as officers of the court, they may not be liable for punitory or exemplary damages.

2. On the question of damages, I have examined the evidence, and it supports the master's finding, to-wit:

"Temporary bruises upon her back and hips, and protrusion of part of the abdominal viscera through the *umbilicus,* to cure which an operation would be difficult and dangerous in a woman as obese and old as the claimant, and would entail a cost to which her slender means are unequal; that said hernia is to her a permanent injury, that impairs her general health, disables her, as a seamstress, from earning support for herself and four children, constrains her often to remain in bed for several days, and wholly to forego housework, and is accompanied with constant pain in some degree, and with a running from the navel."

The allowance is not excessive. Let an order be entered overruling the exceptions, and confirming the master's report.

See *Winbourn's Case, ante,* 167.